(C. D. 625)

Koscherak Bros. *v.* United States

United States Customs Court, First Division

(Decided April 29, 1942)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General (*Richard E. FitzGibbon* and *John J. McDermott,* special attorneys), for the defendant.

Before OLIVER and WALKER, Judges

OLIVER, Presiding Judge: The merchandise involved in the suits at bar consists of certain glassware which was assessed with duty at the rate of 50 per centum ad valorem under paragraph 218 (f) of the Tariff Act of 1930, as amended by the trade agreement with Czechoslovakia, published in T. D. 49458, and is claimed to be properly dutiable at the rate of 45 per centum ad valorem under paragraph 218 (d), as amended by the same trade agreement.

The competing provisions as set forth in T. D. 49458, *supra,* read as follows:

| Tariff Act of 1930; paragraph | Description of articles | Rate of duty |
|---|---|---|
| 218 (d) | All glassware commercially known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combination of the same. | 45% ad val. |
| 218 (f) | Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, except articles primarily designed for ornamental purposes, decorated chiefly by engraving and valued at not less than $8 each. | 50% ad val. |

A sample of the merchandise in question is in evidence. It consists of a cordial glass. Its base and stem are of clear glass, the base being approximately 2 inches in diameter and the stem approximately 4 inches long. The bowl is ruby color, about 1½ inches in diameter.

No testimony was offered by either party, the case having been submitted for decision on the following stipulation (R. 2):

Mr. MANDELL. * * * In order to present this issue to the court I am offering to stipulate with the Government that the merchandise that is described on the invoices, particularly the invoices of a shipper named Kossuch Janos, and described on the invoice as cordials 9784, consist of an article that is composed wholly or in chief value of glass, that is, an article of stemware, and is an article chiefly used on the table, and is composed wholly or in chief value of glass that is blown or partly blown in the mold or otherwise. It is further stipulated that this article, item 9784, which is representative of this class of merchandise, is produced by a process known as plating or casing, and it is composed of two or more layers, of clear, opaque, colored, or translucent glass, or a combination of the same.

Mr. FITZGIBBON. That is agreed to.

It will be observed that the facts agreed upon do not precisely cover the language of the two provisions under consideration, but it is evident from the argument presented by both counsel in their briefs that it is the intention of the parties to present this case on the question whether the provision for "table * * * articles and utensils * * * " provided for in the amended paragraph 218 (f), under which assessment was made, is more specific than the provision in the amended paragraph 218 (d), for "cased glass" as claimed by plaintiffs, and our consideration of this case will be confined to that issue. In other words, we are accepting this stipulation as though it established as a matter of fact:

(1) That the merchandise in question is a table article or utensil, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise (paragraph 218 (d)) and

(2) That it is glassware commercially known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combination of the same (paragraph 218 (f)).

The article in question is thus provided for in the two provisions of paragraph 218, hereinabove quoted, as amended by the treaty with Czechoslovakia, T. D. 49458, *supra.*

In their brief, counsel for plaintiffs argue that the modifications to paragraph 218 of the Tariff Act of 1930, made in the trade agreement with Czechoslovakia, T. D. 49458, *supra,* clearly indicate an intention to make the provisions of subdivision (d) all embracive so as to include every item of glassware provided for therein, irrespective of any of the other provisions of paragraph 218, as amended. Such contention, in our judgment, is without foundation. Reference to the

press release (Department of State, press releases, publication No. 111) issued at the time of publication of the text of this trade agreement reveals no statement by the officials who had charge of the negotiations and preparation of the agreement itself concerning the provisions of subdivisions (d) and (f) of paragraph 218 in their amended form. Hence, it is fair to assume that whatever the legislative intent was in enacting those provisions, it must be determined from the action of the Congress that formulated the provisions in the tariff act itself. Especially is that true in the present case since the language of the two provisions under consideration is the same, so far as the issue herein is concerned, in both the trade agreement with Czechoslovakia and in the Tariff Act of 1930. The only changes in the trade agreement are in the rates of duty, which have been reduced. We have carefully reviewed the hearings held before the Committees of the Senate and the House of Representatives preparatory to the enactment of the Tariff Acts of 1922 and 1930, as well as the Summary of Tariff Information relating to both of those tariff acts, and have been unable to find anything to warrant a conclusion that the two provisions in question are to be construed other than as written and following the usual rules of construction for tariff classification of merchandise. The question presented herein is the relative specificity of the two provisions hereinabove quoted.

The term "Table and kitchen articles and utensils" in paragraph 218 (f) is somewhat similar to the term "household utensils" in paragraph 339 and to the term "agricultural implements" in paragraph 1604. Their grammatical construction is the same. The merchandise provided for in all is determined by use. In the case of *Frank P. Dow Co., Inc.* v. *United States* (21 C. C. P. A. 282, T. D. 46816), the Court of Customs and Patent Appeals held that the provision for household utensils in paragraph 339 includes all articles chiefly or principally used in the household. Similarly, in the case of *United States* v. *Boker & Co.* (6 Ct. Cust. Appls. 243, T. D. 35472), our appellate court held that agricultural implements, for tariff purposes, are such as are employed in the pursuit of agriculture. In applying the principle of "use" in the *Boker* case, *supra*, the court said:

All these considerations imply and necessitate that the use of the implement must determine its classification whether or not an agricultural implement within the paragraph and that that use, and the determinative fact, is chief use.

Following the decisions in the *Dow* case, *supra*, and the *Boker* case, *supra*, we hold that the provision in paragraph 218 (f) for "Table and kitchen articles and utensils" is one predicated on use; that its scope embraces articles or utensils composed of glass and which are chiefly used on the table and in the kitchen.

We are thus confronted with the question whether the "use"

provision of paragraph 218 (f) shall prevail over paragraph 218 (d), which reads:

All glassware commercially known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combinations of the same.

The 1922 Tariff Act included for the first time in paragraph 218 the above specific reference to cased glass. We have found nothing in the legislative history that would throw any light on why this provision was added to the glass schedule or just what Congress intended should be included within this provision. The language used, however, could hardly have been more embracing. It reads "*all* glassware commercially known as plated or cased glass," etc. [Italics ours.] This is not the usual catch-all paragraph which will be found as paragraph 230. It would seem that the intent of Congress is clearly expressed by the language used, namely, that they wanted *all* articles of glassware, regardless of use or description, to be classified under this provision (218 (d)), if the articles were made of a type of glass or by a process well known in commercial circles by the term "plated" or "cased." Then to make certain what type of glass they were referring to, they added a description of just how this plated or cased glass was made, i. e., composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combinations of the same.

In *Semon Bache & Co.* v. *United States* (17 C. C. P. A. 315, T. D. 43741), which arose under the Tariff Act of 1922, and which is one of the few cases involving the cased glass provision, the court said:

* * * The Congress, however, while its purpose may not be clearly expressed, evidently intended to provide in the paragraph for all glassware composed of two or more layers of clear, opaque, colored, or semitranslucent glass commercially known either as plated or cased glass. The provisions are new in tariff legislation.

This expression of the court would seem to indicate that in its opinion the Congress intended to cover a general class of glassware provided for by the specific terms employed in the provision. While its language would appear to be broad enough to cover every item of glassware commercially known as plated or cased glass, yet in the present case we feel that we are bound by the well-established principle in customs litigation that a use provision will prevail over an *eo nomine* designation or a designation by material or composition. In *United States* v. *General Display Case Co.* (21 C. C. P. A. 542, T. D. 46976), the merchandise consisted of certain cylindrical glass articles composed of white and translucent cased glass, with an advertising inscription thereon. The court found that the articles were chiefly used for advertising purposes and had some incidental illuminating qualities.

The issue presented a conflict between paragraph 218 (c), Tariff Act of 1930, which reads in part:

(c) Illuminating articles of every description, finished or unfinished, wholly or in chief value of glass, for use in connection with artificial illumination:   *   *   *

and the provision for plated or cased glassware in paragraph 218 (d), *supra*. The court's conclusion in that case was based solely on lack of proof showing that the chief use of the articles was in connection with artificial illumination, and not upon a construction of the provisions of the statute involved. In its decision, the court emphasized the applicability of the principle of "use" to the provisions of paragraph 218 (c), *supra*, and after discussing many of its previous decisions on the subject, stated (page 546):

These cases emphasize the thought that the provision for illuminating articles to be used in connection with artificial illumination includes only such articles as are chiefly used in connection with artificial illumination for illuminating purposes. If they are chiefly used for some other purpose, and were constructed for that purpose, and if the illumination provided by them is minor and incidental, only, to their chief use, and are not intended for or used for the purpose of illuminating the surrounding atmosphere, then they should not be classified as illuminating articles, under said paragraph 218 (c).

From the above quotation it seems fair to assume that had the court before it in that case a stipulation wherein it was conceded that the merchandise was both an "illuminating article" and also "glassware commercially   known   as   *   *   *   cased   glass,"   the   provision predicated on "use" would have prevailed and the collector's classification of the merchandise as illuminating articles would have been sustained.

For the reasons hereinabove set forth, the protests are overruled and the decision of the collector in each instance is affirmed. Judgment will be rendered accordingly.