BEFORE THE FIRST DIVISION, JANUARY 8, 1951

**No. 55073.**—Crownford China Co. and Crownford China Co., Inc. v. United States, protests 139523–K and 139524–K (New York).

OLIVER, Chief Judge: The merchandise in the case at bar consists of certain glassware imported from Belgium which was assessed for duty under paragraph 218 (d) of the Tariff Act of 1930 at the rate of 60 per centum ad valorem as plated or cased glass. It is claimed properly dutiable at only 45 per centum ad valorem under paragraph 218 (f) of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, T. D. 49753, as "Table and kitchen articles and utensils * * *."

The pertinent parts of the paragraphs in question are as follows:

Paragraph 218 (d), Tariff Act of 1930:

All glassware commercially known as plated or cased glass, composed of two or more layers of clear, opaque, colored, or semitranslucent glass, or combinations of the same, 60 per centum ad valorem.

Paragraph 218 (f), Tariff Act of 1930, as modified:

Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, if cut or engraved, however provided for in paragraph 218 (f), Tariff Act of 1930, and valued at not less than $1 each (except articles primarily designed for ornamental purposes, decorated chiefly by engraving and valued at not less than $8 each)____45 per centum ad val.

Samples of a bowl and a vase representative of the merchandise here in question were received in evidence as plaintiffs' exhibits 1 and 2 (R. 2).

There were incorporated herein the records in *Friedlaender & Co., Inc.* v. *United States*, 8 Cust. Ct. 528, Abstract 47232, and *Friedlaender & Co., Inc.* v. *United States*, 11 Cust. Ct. 257, Abstract 48746.

At the trial it was stipulated between counsel for the respective parties that the involved merchandise consists of plated or cased glass; that it is decorated by cutting and is cut glass valued at over $1 each (R. 3); that the items in question are produced by a blowing process besides being cased and cut; that the said mer-

chandise is suitable for and adaptable for the same uses as the merchandise the subject of the decisions in *Friedlaender & Co., Inc.* v. *United States*, Abstracts 47232 and 48746, *supra.*

The vice president of the plaintiff corporation testified that he had purchased, as well as sold, the merchandise in question; that plaintiffs' exhibits 1 and 2 herein are known as cased crystals; that he is personally familiar with the use of these articles and had seen them on display in stores and in homes in many cities throughout the United States. The witness further testified that the major use of these vases and bowls is for table pieces, either in a strictly utilitarian use or in a combination of ornamental and utilitarian use; that the bowls are used in homes on tables as containers for fruit salads, fruit compotes, hors d'oeuvres, cigarette holders, and as table centerpieces for either natural or artificial flowers or ferns (R. 9); that the vases are used on tables as containers for flowers and that he did not know of any other use for these articles except their use on dining-room tables, cocktail tables, and buffets.

The provision for "Table and kitchen articles and utensils" in paragraph 218 (f) of the Tariff Act of 1930, under which the plaintiffs claim is one predicated on use and embraces articles or utensils composed of glass and which are chiefly used on the table and in the kitchen. *Koscherak* v. *United States*, 8 Cust. Ct. 300, C. D. 625.

In the incorporated case of *Friedlaender & Co., Inc.* v. *United States*, Abstract 47232, involving bowls and vases similar to exhibits 1 and 2 herein, this court held that the provision for table and kitchen articles and utensils in paragraph 218 (g) is the same as that in paragraph 218 (f), which was under consideration in the *Koscherak* case, *supra*, and that the rule applied in the latter case was equally applicable in the *Friedlaender* case, *supra*, in question. In the *Friedlaender* case, *supra*, certain articles of glassware were assessed with duty under paragraph 218 (f) of the Tariff Act of 1930 and were claimed properly dutiable either under paragraph 218 (g) for "Table and kitchen articles and utensils * * *, when pressed and unpolished * * *," or under paragraph 230 (d) of the act as manufactures of glass. The court pointed out that subdivision (g) of paragraph 218 carves out of paragraph 218 (f) those kitchen and table articles which have been pressed and unpolished. The court therein held that the involved articles were properly dutiable under the provision of paragraph 218 (g) as "Table and kitchen articles * * *, composed wholly or in chief value of glass, when pressed and unpolished," as claimed, in effect holding that such provision was more specific than the general provision in paragraph 230 (d) for manufactures of glass, under which paragraph the importer therein likewise claimed. In the second incorporated case, *Friedlaender & Co., Inc.* v. *United States*, 11 Cust. Ct. 257, Abstract 48746, which was a rehearing of the *Friedlaender* case, *supra*, Abstract 47232, the previous holding with respect to the involved articles being "Table and kitchen articles," dutiable under paragraph 218 (g) of the Tariff Act of 1930, was sustained.

An examination of the samples before us in the present case (exhibits 1 and 2), indicates that they are table articles and that they are similar to the bowls and vases involved in the *Friedlaender* cases, *supra*, with the exception that they are of cased glass rather than pressed and polished glass as in the incorporated cases.

The testimony in the case at bar, which stands uncontradicted, further establishes that the merchandise herein consists of articles which are chiefly used on the table and that they are embraced within the term "table articles." We are further of opinion that this merchandise is more specifically provided for under paragraph 218 (f) of the tariff act for "Table and kitchen articles," as claimed, rather than under the general provision for plated or cased glass in paragraph 218 (d) of the act, as assessed.

The record establishes that the merchandise at bar consists of table articles, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, and that they are cut and engraved, and valued at not less than $1 each. Upon the record herein and an examination of the samples here before us, we are of opinion that the plaintiffs have overcome the presumption of correctness attaching to the collector's classification and have established that the involved articles are properly dutiable under paragraph 218 (f) of the Tariff Act of 1930, as modified, *supra*, at the rate of 45 per centum ad valorem as "Table and kitchen articles," as claimed. The protests are sustained and judgment will issue accordingly.